IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

HELMS DEEP, LLC,                    )
                                    )
            Plaintiff,              )    TC-MD 200292N
                                    )
     v.                             )
                                    )
MULTNOMAH COUNTY ASSESSOR,          )    **ORDER GRANTING DEFENDANT'S**
                                    )    **MOTION FOR SUMMARY**
            Defendant.              )    **JUDGMENT**

This matter came before the court on Defendant's Motion for Summary Judgment (Motion). The parties filed written briefs and the matter is now ready for determination.

## I. STATEMENT OF FACTS

Plaintiff filed its Complaint on June 30, 2020, appealing the value of property identified as Account R171366 (subject property) for the 2017-18 tax year. The subject property's 2017-18 tax roll real market value was $10,749,610 and Plaintiff requests a reduction to $1,200,000 pursuant to ORS 305.288(1). (Compl at 1-2.) Plaintiff described the subject as "residential." (*Id.* at 1.) Multnomah County property records identified the subject property as "single family residential." (Ptf's Ex B, Jul 27, 2020.) Defendant applied the residential changed property ratio (CPR) to determine the 2017-18 exception value of new construction at the subject property, and that ratio was higher than the 2017-18 commercial CPR. (Ptf's Resp at 1.)

Defendant received residential building permits for the subject property in March 2016 and "placed" it in Defendant's "residential property portfolio." (Decl Scott Elliott at ¶3.) The Appraisal Supervisor of Defendant's residential section was unable to gain access to the subject property for an inspection in July 2017, and so "characterized the subject property as residential for purposes of valuation and taxation" based only on the building permits. (*Id.* at ¶1, 4-5.) For

the first time in 2018, Defendant inspected the subject property and determined that it was commercial rather than residential. (*Id.* at ¶6.)

Although the subject property was owned by an LLC, its "design and ultimate use * * * were the vision of Mr. Sandy Bodecker, who had the subject property built to his particular specifications." (Ptf's Resp at 3.) Those included "two bedrooms along with a bunk room," which Plaintiff describes as "a significant residential component." (*Id.*) Plaintiff concedes it was "unclear whether Mr. Bodecker intended to use the subject property as his personal residence[.] * * * Indeed, Mr. Bodecker's intention may have changed throughout the construction process as he ultimately died of terminal cancer." (*Id.*)

Plaintiff also appealed the 2018-19 value of the subject property. Following trial, the court entered a decision describing the subject property's features and reaching conclusions about its highest and best use and its value at that use. The court found that the subject property

> "is three stories with 14,095 square feet total, of which 7,769 square feet is heated living space. The first level also includes 6,326 square feet of 'warehouse with a skateboard pool.' The subject's indoor features include an entry foyer, kitchen, dining room, conference rooms, 'open platform utility/work area,' 'professional recording studio,' 'DJ/sound booth, skateboard park,' bar, open seating areas, library, 'alcove workspace with built-in desks and cabinetry,' lounge, two bedrooms, four 'built-in bunk beds,' two full bathrooms, and three half bathrooms. Its outdoor features include a courtyard, sandy beach with fire pit, stormwater catchment, bamboo garden, mini golf course, a parking area with a music stage, and rooftop patios with decking, a seating area, a 'playground slide,' and eco-gardens."

*Helms Deep, LLC v. Multnomah County Assessor*, TC-MD 190153N, 2021 WL 3137981 at *1 (Or Tax M Div Jul 23, 2021) (internal citations omitted).

"The subject 'was specifically conceived of, and designed with the express purpose of creating a custom artist's collaborative, performance and event space.' " *Helms Deep*, 2021 WL 3137981 at *1. Its "design is based on 'the mission and vision of the NM Bodecker Foundation,'

an organization formed in 2017 to organize workshops, mentor, and offer scholarships to 'empower creative youth to imagine their artistic, educational and professional dreams.'" *Id.* "The bedrooms were 'designated for artists in residence as a 'crash pad' during their recording sessions.' " *Id.* The certificate of occupancy issued in April 2017 restricted the subject to "residential use," which allowed "congregate living facilities of no more than 16 non-transient occupants or up to 10 transient occupants." *Id.* at *2 (internal quotation marks omitted). "In November 2019, an application was submitted for a change in occupancy from a residential R-3 to an arts education center." *Id.*

The court found that the subject property's highest and best use as of January 1, 2018, was its intended use: "operating an artist's collaborative, performance, and event space, with the goal of furthering the mission of an arts-focused nonprofit organization by creating a space for workshops and youth programs." *Helms Deep*, 2021 WL 3137981 at *6.

## II. MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment because the subject property "is not a residential dwelling and has never been used as such, and Plaintiff has not provided any evidence that good and sufficient cause exists for failure to appeal to [the board of property tax appeals] BOPTA for the 2017-18 tax year." (Def's Mot at 2.) Defendant maintains that the facts found by the court in the 2018-19 appeal of the subject property "have not changed" and should be relied upon for the 2017-18 appeal. (*Id.*) Specifically, Defendant notes the court's finding that the subject property was conceived of and designed to serve as "a custom artist's collaborative, performance and event space." (*Id.*, quoting *Helms Deep*, 2021 WL 3137981 *1.)

Plaintiff opposes Defendant's Motion, relying on Defendant's classification and valuation of the subject property as "residential." (Ptf's Resp at 1, 4-5.) Plaintiff argues that "the court's

characterization of the subject property in the 2018-19 appeal has little bearing on Plaintiff's 2017-18 appeal. (Resp at 2.) Whether the subject property is a dwelling under ORS 305.288 "is entirely different from the question of the subject property's highest and best use as was determined by this court in the * * * 2018-19 tax year appeal." (*Id.* at 3.)

Defendant disputes the relevance of its "characterization" of the subject property as residential, noting that was based only upon the permit. (Def's Reply at 2, citing *Columbia River Gorge Resort, LLC v. Wasco County Assessor*, TC-MD 150356N, 2016 WL 155241 *4 (Or Tax M Div Jan 5, 2016).) Upon inspecting the subject property, Defendant "realized the property was not being used as a residence and switched it to a commercial designation." (*Id.*) To the extent the subject property's prior use is relevant, it was as a warehouse not as a dwelling. (*Id.* at 3.)

### III. ANALYSIS

The issue presented is whether Plaintiff may appeal the 2017-18 values of the subject property under ORS 305.288.[1] More specifically, whether the subject property was "used primarily as a dwelling" under ORS 305.288(1)(a). Plaintiff has not alleged that it appealed to BOPTA for the 2017-18 tax year or that it had good and sufficient cause for failing to do so under ORS 305.288(3), thus its only avenue for appeal is ORS 305.288(1).[2]

The court grants a motion for summary judgment if all the documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47.[3] "No genuine issue as to a material fact exists if,

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

[2] *See Zervis v. Dept of Rev.*, 20 OTR 79 (2010) (the primary route of appeal is under ORS 305.275 after appeal has been taken to BOPTA. ORS 305.288 provides two additional routes to appeal to this court).

[3] TCR 47 is made applicable by Tax Court Rule – Magistrate Division (TCR-MD) 13 B which provides that "[t]he court may apply TCR 47 to motions for summary judgment, to the extent relevant."

based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party * * *." *Id*. Plaintiff did not identify any factual disputes.

A.      *Overview of Dwelling Requirement Under ORS 305.288(1)(a)*

An appeal under ORS 305.288(1) is allowed only if:

> "For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling (or is vacant) and was and is a single-family dwelling, a multi-family dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home."

ORS 305.288(1)(a). Within that section are several important terms and concepts, including the term "dwelling," a list of specific types of dwellings, and the "used primarily" test.

"Dwelling" is not defined in the statute, but this court has found that its plain meaning is "a building or construction used for residence." *Gray v. Dept. of Rev.*, TC 5324, 2018 WL 6722660 (Or Tax Dec 20, 2018) (internal quotation marks omitted). Statutory context confirms that "dwelling" refers "to a structure used for habitation * * *." *Id.*; *see also Shevtsov v. Dept. of Rev.*, TC 5392, 2020 WL 1127031 (Or Tax Mar 4, 2020) (a van parked on land without any structures is not a dwelling); *Village Wiestoria Homeowners Ass'n v. Deschutes County Assessor*, TC-MD 020947C, 2003 WL 25845885 (Or Tax M Div Jan 31, 2003) (a private clubhouse is not a dwelling).

Only specific types of dwellings qualify under the statute: single-family dwellings, multi-family dwellings of not more than four units, condominium units, manufactured structures, and floating homes. In *Columbia River Gorge Resort*, 2016 WL 155241, this court held that a former RV campground with over 150 sites and numerous additional amenities did not qualify as a dwelling under the statute. Although an RV campground is a sort of short-term dwelling, it did not fit into any of the specific dwelling categories enumerated in ORS 305.288. *Id.*

ORS 305.288(1)(a) requires that the property be "used primarily" as dwelling. "[T]he

legislature has not provided guidance in ORS 305.288(1) about how to apply this 'primary use' test * * *." *Gray*, 2018 WL 6722660 at *17. This court has held that it "means that the primary use of improvements and land together must be as a dwelling." *Id.* The plain meaning of "primarily" is "**1 :** first of all **:** FUNDAMENTALLY, PRINCIPALLY * * * **2 :** in the first place **:** ORIGINALLY." *Webster's Third New Int'l Dictionary* 1800 (unabridged ed 2002). Property classification, zoning, and permitted uses may be relevant to whether a property was used primarily as dwelling, but they are not determinative. *See Columbia River Gorge Resort*, 2016 WL 155241. ORS 305.288(1)(a) requires that the property "was or is" used as a dwelling, perhaps indicating that a vacant structure that is later used a dwelling qualifies.

B.      *Application to Subject Property*

Applying the foregoing requirements to the subject property, the court concludes that it was not used primarily as a dwelling under ORS 305.288(1)(a). With respect to the general definition of "dwelling" – a building or structure used for residence or habitation – the subject property *could* qualify because it includes a fixed structure with components typically found in a dwelling, such as bedrooms, bathrooms, and a kitchen. However, the subject was not *primarily used* as a dwelling. Plaintiff has not alleged that anyone ever lived in the subject property. The subject was principally conceived of and designed for an artist's collaborative, performance and event space. The bedrooms were intended to serve as a "crash pad" for artists in residence during recording sessions. Other prominent features of the subject property, including the recording studio, DJ sound booth, conference rooms, and skateboard park serve the primary function of providing a space for artists to collaborate and perform.

Plaintiff notes that the subject property was vacant and under construction during the 2017-18 tax year. The building permits, residential certificate of occupancy, and classification

describing the subject as a single-family dwelling lend support to Plaintiff's position. However, the ultimate question is how the property was used. Defendant initially classified the subject property as residential without the benefit of an inspection and based solely on the permits. It changed its characterization to commercial after inspecting the subject and learning more about its intended use. Although the certificate of occupancy was residential in 2017, it allowed "congregate living facilities of no more than 16 non-transient occupants or up to 10 transient occupants" consistent with Plaintiff's vision of creating a "crash pad" for artists. A "crash pad" is not a single-family dwelling, and it is unclear whether it qualifies as a multi-family dwelling of four units or less. In any event, the "crash pad" function of the subject property is incidental to its primary use as an artist's collaborative, performance, and event space. The application made in November 2019 to change the occupancy to an arts education center further supports the conclusion that the subject was not used as a single-family or small multi-family dwelling.

## IV. CONCLUSION

Upon careful consideration, the court concludes that the subject property was not used primarily as a dwelling within the meaning of ORS 305.288(1)(a). Accordingly, Defendant's Motion for Summary Judgment is granted. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted.

Dated this ___ day of April 2022.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE


***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TC-MD 200292N

7

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on April 12, 2022.*